UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVE PHILLIPS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:97cv0549 AS |
| ) | |
| HERB NEWKIRK, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM AND ORDER*

On August 18, 1997, *pro se* petitioner Steve Phillips, an inmate at the Maximum Control Complex in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. § 2254. The response filed by the Attorney General of Indiana on January 8, 1998, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). This court has opened, examined and refiled the sealed documents filed on behalf of the respondent on January 8, 1998. This court has also carefully examined the handwritten Traverse and memo filed by this petitioner on January 28, 1998.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana, and at the time relevant to this case, was incarcerated in the Indiana State Prison in Michigan City, Indiana. There, in a Conduct Adjustment Board proceeding under their number ISP 97-03-0023, this petitioner was found guilty of attempting to escape. In the memorandum filed by the Attorney General of Indiana on January 8, 1998, at pages one to three, there is a statement of undisputed facts which this court presumes correct under 28

U.S.C. § 2254(e)(1). The basic demands of constitutional procedure in such cases are reflected in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the evidentiary standards are in *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). Under the present statutory standards which became effective on April 24, 1996, the focus is on the violation of a federal right clearly established by the Supreme Court. *See* 28 U.S.C. §2254(d). *See also Sweeney v. Parke*, 113 F.3d 716 (7th Cir. 1997). There is no due process disqualification of a hearing officer here under *Wolff* or under *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). Likewise, the calling of witnesses is waived if they are not identified before the hearing. *See Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992). The focus here is certainly not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

On page six of the memorandum of the Attorney General, there is a reference to "Herbst." It is the understanding of this court that this petitioner is named Steve Phillips. Fully realizing that the judicial world is not perfect and somewhere hidden in the recesses of the paper in this case, there may be some explanation of the reference to Herbst. This court does not readily find such and assumes the same is a typographical error. Nonetheless, the typographical error does not appear to be important. Considering all that is before the court, including the in camera examination of the filing on January 8, 1998 by the Attorney General, the standards in *Wells v. Israel*, 854 F.2d 995 (7th Cir. 1988), appear to have been met.

For that reason, there is no basis for relief here presented under 28 U.S.C. § 2254. Such is now **DENIED. IT IS SO ORDERED.**

**DATED:** February 6, 1998

s/Allen Sharp

**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**